## ABEX CORPORATION, a Delaware corporation, Plaintiff,

v.

## ABC RAIL CORPORATION, a Delaware corporation, U.S. Bronze Foundry & Machine, Inc., a Pennsylvania corporation, Defendants.

### Civ. A. No. 94–271E.

United States District Court,
W.D. Pennsylvania.

Oct. 18, 1994.

William J. Kelly, Robert C. LeSuer, Elderkin, Martin, Kelly, Messina & Zamboldi, Erie, PA, Kevin M. Murphy, David S. Foster, Mark S. Mester, Latham & Watkins, Chicago, IL, for plaintiff.

David G. Ridge, Erie, PA, Michael L. Shakman, Arthur W. Friedman, Diane F. Klotnia, David J. Krupp, Marc O. Beem, Edward W. Feldman, Miller, Shakman, Hamilton Kurtzon & Schlifke, Chicago, IL, for defendant ABC Rail Corp.

## MEMORANDUM ORDER

COHILL, District Judge.

Before the Court are: (1) a motion for an injunction filed by Abex Corporation (Abex), asking this Court to enjoin Illinois state-court proceedings between ABC Rail Corporation (ABC Rail) and Abex pursuant to 28 U.S.C. §§ 2361, 2283; (2) an interpleader complaint filed by Abex pursuant to 28 U.S.C. § 1335; and (3) a motion to dismiss the Abex complaint filed by defendant ABC Rail. U.S. Bronze Foundry & Machine, Inc. (U.S. Bronze) joins Abex in seeking interpleader.

### I. *Background*

This case arose from the sale of certain real and personal property located in Meadville, Pennsylvania that had suffered serious environmental damage (the "Meadville site"). In 1987, Abex sold the Meadville site (and nine other sites not a part of this action) to ABC Rail. As part of the agreement, Abex agreed to indemnify ABC Rail for certain environmental liabilities at the Meadville site. In 1988, ABC Rail sold the Meadville site to U.S. Bronze. ABC Rail apparently assigned to U.S. Bronze a portion of its right to indemnification from Abex and may have retained other such rights. The parties hotly dispute the scope and effect of the indemnification rights allegedly retained by ABC Rail when it sold the Meadville site to U.S. Bronze, and the merits of this dispute are not yet before us.

According to ABC Rail, it retained the right to be indemnified by Abex for any outstanding environmental claims it had against Abex on the date ABC Rail transferred the Meadville site to U.S. Bronze. ABC Rail argues that this right includes its right to recover from Abex the diminution in the value of the Meadville site due to environmental contamination. The diminution, according to ABC Rail, forced ABC Rail to sell the property to U.S. Bronze at a price significantly below the Meadville site's market value if it had not been contaminated. ABC Rail has asserted its purported right to diminution damages in an action filed in the Circuit Court of Cook County, Illinois, Illinois County Department, Law Division, *ABC Rail Corp. v. Abex Corp.,* No. 91 CH 10943 (the "Illinois litigation"). The Illinois litigation involves nine sites in addition to the Meadville site, and Abex asks us only to enjoin ABC Rail from further pursuing the portion of that case related to the Meadville site. Abex's attempt to join U.S. Bronze in the Illinois litigation was denied by the Illinois trial judge on September 2, 1994 and again on October 6, 1994. Trial in that case is scheduled to begin October 24, 1994 in Illinois.

Abex's central argument in asking us to permit interpleading ABC Rail and U.S. Bronze in a single action, and to simultaneously enjoin ABC Rail from continuing the Meadville portion of the Illinois litigation, is that it would be subject to paying twice for the same environmental contamination. According to Abex, it could lose in the Illinois suit and be forced to pay ABC Rail diminution damages roughly equal to the environmental clean-up costs, and (2) it could likewise lose in a future suit by U.S. Bronze seeking indemnification for the same contamination.

U.S. Bronze presently is suing ABC Rail in our Court in *U.S. Bronze v. ABC Rail,* C.A. 91–284 Erie, wherein U.S. Bronze wants ABC Rail to seek indemnification *from* Abex *for* U.S. Bronze. ABC Rail had filed a motion to dismiss or for summary judgment in C.A. 91–284 Erie, but these motions were denied. Thus, according to Abex, U.S. Bronze may win in forcing ABC Rail to require Abex to indemnify U.S. Bronze for the contamination at the Meadville site. We have scheduled a pretrial conference for November 2, 1994 in C.A. 91–284 Erie.

### II. *Discussion*

ABC Rail strenuously argues several grounds for denial of the interpleader, each of which is discussed below.

1. Are ABC Rail's diminution claim and U.S. Bronze's potential indemnification claim "adverse" for purposes of the federal interpleader statute?

▮ Pursuant to the statutory interpleader statute, 28 U.S.C. § 1335(b), we may en-

tertain an interpleader action if two or more adverse claimants are claiming to be entitled to a stakeholder's money or property, even if the conflicting claims "do not have a common origin, or are not identical, but are adverse to and independent of one another." *Id.* A party seeking interpleader, like Abex, must have a "bona fide" fear of adverse claims. *CNA Ins. Cos. v. Waters,* 926 F.2d 247, 251 (3d Cir.1991); Charles A. Wright, Arthur R. Miller, and Mary K. Kane, 7 *Federal Practice and Procedure:* Civil 2d § 1704 at 501 (Supp.1994) (test is whether the stakeholder "legitimately fears" multiple vexation) (footnote omitted); *id.* at 504 (1986) (stakeholder's fear must be "bona fide") (footnote omitted). The bona fide fear requirement is one of low threshold. *Id.*

ABC Rail argues that Abex has no right to interpleader because ABC Rail's diminution claim is not adverse to U.S. Bronze's potential indemnification claim. In other words, according to ABC Rail, Abex might owe it diminution damages and, in addition, owe U.S. Bronze indemnification based on U.S. Bronze's "statutory right" to recovery. ABC Rail urges that as separate claims, they are not "adverse," and therefore fail to satisfy the prerequisite for interpleader pursuant to 28 U.S.C. § 1335(a)(1); *see also* 7 Wright, Miller, and Kane § 1705 at 507 (1986). According to Abex, the claims are in "direct conflict" with one another because each seeks money damages for the same contamination.

█ While this is not the usual case for interpleader, such as multiple beneficiaries claiming the right to coverage under a single insurance policy, we find that the claims of ABC Rail and U.S. Bronze present sufficient adversity to satisfy the federal interpleader statute. For depending on, among other things, the interpretation of the Abex/ABC Rail and ABC Rail/U.S. Bronze contracts, Abex may have to pay twice for arguably the same contamination liability. Simply put, Abex may lose in the Illinois litigation and be ordered to pay ABC Rail diminution damages and later may lose in a future suit brought by U.S. Bronze and be forced to indemnify U.S. Bronze for roughly the same contamination. Whether this happens will depend on, among other things, the interpre-

tation of the agreements entered into by the parties. It seems to us that all three parties should be in the litigation to decide this issue.

2. Is Abex barred by laches from bringing the interpleader action?

█ ABC Rail also argues that Abex should be barred by laches because of its delay in bringing this interpleader action and asking us to enjoin the Illinois litigation less than one week prior to trial. Abex responds that it only recently was made aware of the danger of its potential double exposure to competing claims by ABC Rail and U.S. Bronze.

Because interpleader relief is equitable in nature, courts have occasionally denied interpleader where the party seeking it has exhibited demonstrably improper conduct. 7 Wright, Miller, and Kane § 1709 at 529–33 (1986). In light of the savings in time, convenience, and judicial economy, however, courts have been reluctant to deny interpleader based on conduct that is arguably excusable. *See id.* at 532–33.

In our case, it is unclear whether Abex's eve-of-trial interpleader action is the fault of Abex's neglect, ABC Rail's slow response to discovery, other factors beyond Abex's control, or a combination of the three. In any event, Abex's filing the interpleader action close to the trial date of the Illinois litigation does not warrant the relatively drastic remedy of precluding interpleader relief in this case.

3. Is the $1.5 million bond posted by Abex insufficient to establish interpleader jurisdiction?

█ ABC Rail repeatedly urges that we must deny interpleader relief because the bond posted by Abex with the clerk of court is jurisdictionally deficient. A party seeking interpleader relief must post bond "in such amount . . . as the court or judge may deem proper. . . ." 28 U.S.C. § 1335(a)(1). According to the United States Court of Appeals for the Third Circuit, in unmistakable language, "[t]he law is clear[ ] . . . that [a party] would be permitted to cure this defect [in the amount of the posted bond] by making an additional deposit with the court regis-

try." *CNA Ins. Cos. v. Waters,* 926 F.2d 247, 250 n. 6 (3d Cir.1991) (citation omitted).

We are presented with no reason why we should not allow Abex to cure any deficiency in its bond by increasing the bond amount, should we find the bond to be insufficient. According to ABC Rail, this amount should be between $5.87 million and $8.9 million. We simply have insufficient information before us to determine an appropriate bond amount, and we therefore will order the parties to submit memoranda with affidavits suggesting an appropriate amount.

### III. *Conclusion*

■ Abex is at risk of paying both ABC Rail and U.S. Bronze for, in effect, the same environmental contamination liability at the Meadville site. Abex's attempt to join U.S. Bronze in the Illinois litigation, where Abex is a defendant, was unsuccessful. Our forum therefore provides an opportunity, and perhaps the only opportunity, for Abex, ABC Rail, and U.S. Bronze to litigate to finality their indemnification disputes. While interpleader relief is not to be automatically granted, it is to be granted liberally. *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 533, 87 S.Ct. 1199, 1205, 18 L.Ed.2d 270 (1967); 7 Wright, Miller, and Kane § 1704 at 500–01 (1986).

We thus will grant Abex's motion to enjoin ABC Rail from pursuing the Meadville portion of the Illinois state-court action, *ABC Rail Corp. v. Abex Corp.,* filed in the Circuit Court of Cook County, Illinois County Department, Law Division, No. 91 CH 10943. We will also deny ABC Rail's motion to dismiss Abex's interpleader complaint. Finally, we will order Abex, ABC Rail, and U.S. Bronze to file memoranda and affidavits suggesting, and in support of, an appropriate amount of bond to be posted by Abex. Upon receipt of the parties' bond motions, we will order the amount of its posted bond adjusted, as necessary.

AND NOW, to-wit, this 18th day of October 1994, for the foregoing reasons, it is hereby ORDERED, ADJUDGED, and DECREED that Abex's "Motion to Enjoin the Prosecution of Related Claims in Other Jur-

isdictions" (Doc. 5) be and hereby is GRANTED.

IT IS FURTHER ORDERED that:

1. ABC Rail's "Motion to Dismiss Complaint of Abex Corporation" (Doc. 14) is DENIED; and

2. On or before November 7, 1994, Abex, ABC Rail, and U.S. Bronze shall each submit a memorandum, with supporting affidavits, to this Court estimating the maximum potential liability of Abex vis-a-vis ABC Rail and U.S. Bronze.